FILED
VANESSA L. ARMSTRONG, CLERK

MAY 16 2019

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                                                                  CRIMINAL NO. 3:19-CR-88-DJH

DEVAN L. EDWARDS                                                DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States of America, by Russell M. Coleman, United States Attorney for the Western District of Kentucky, and by Eric S. Dreiband, Assistant Attorney General for the Civil Rights Division of the United States Department of Justice, and defendant, Devan Edwards, and his attorney, Brian Butler, have agreed upon the following:

1.      Defendant agrees to waive Indictment by the grand jury and to plead guilty to a felony Information which will be filed against defendant by the United States Attorney for the Western District of Kentucky. That information will charge defendant with a violation of Title 18, United States Code, Section 242.

2.      Defendant has read the charge against him contained in the Information, and the charge has been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to Count 1 of the Information in this case. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

On or about April 15, 2018, Defendant Devan Edwards, then a correctional officer working at the Louisville Metro Department of Corrections in Louisville, Kentucky, in the Western District of Kentucky, was performing cell checks in Dorm 8 of J3N with correctional officers designated in this factual basis as Officer A and Officer B. The window to Cell 11, which housed pretrial detainee T.W., was obscured by a piece of paper, which officers instructed T.W. to take down. T.W. refused, explaining that he was using the toilet in his cell. Officer B radioed for the control-room officer to open the door to Cell 11. When the door opened, Officer A entered the cell and punched T.W. in the face and took T.W. to the ground. Officer B deployed a canister of oleoresin capsicum spray, also known as "OC spray," into T.W.'s face and eyes. Defendant Edwards and Officer A placed T.W. in handcuffs and escorted him to a holding cell referred to as the West Hold.

When they reached the West Hold, Officer A instructed T.W. to sit down on the bench, and T.W. complied with his command. While T.W. was seated, handcuffed, and not resisting, Officer A grabbed him by the neck and began to strangle him. T.W. struggled to breathe. When Officer A released T.W., T.W. gasped for air and spat out a mixture of spit, blood, and OC spray. Defendant Edwards punched T.W. twice in the face. T.W. stated, "bro, you know I don't give y'all trouble like that bro." Officer A raised his fist at T.W. and feigned throwing a punch. T.W., still seated and handcuffed behind his back, ducked his head downward and pleaded: "I do not give you problems like that [Officer A], bro." Officer A then reared back and punched T.W. in the face. T.W. stated: "Y'all ain't gonna have no problem outta me bro. I swear to God. You know second shift, bro? You know how I be. I try my hardest." At this point, another correctional officer, designated in this factual basis as Officer C, intervened to stop the assault. Like Officer C, Defendant Edwards had been specifically trained to intervene if he ever witnessed an officer using excessive force against an inmate or detainee. Despite that training, and despite having the time and opportunity to intervene to stop Officer A from using excessive force against T.W., Defendant Edwards chose not to intervene.

After the incident was over, Defendant Edwards informed Officer B, who was not present for the assault in the West Hold, that he, Defendant Edwards, had punched T.W. in the West Hold, and that he was concerned that he may have broken bones in his hands from punching T.W. Officer B instructed Defendant Edwards to go to the hospital to have his hands checked out. When Defendant Edwards returned from the hospital, Officer B informed him that Officer B had written a report documenting the incident with T.W. Officer B instructed Defendant Edwards to review the report and to copy from it, but to change the wording so it would not be obvious that he had copied from it. Defendant Edwards reviewed Officer B's report and noticed that it contained several false statements and material omissions. More specifically, Officer B's report exaggerated T.W.'s non-compliance, minimized the force Officer A used against T.W. in the dorm, and omitted entirely the force that Officer A and Defendant Edwards used against T.W. in the West Hold. Defendant Edwards had been specifically trained never to knowingly include false statements in, or omit material information from, an official report. Despite that training,

Defendant Edwards wrote and filed a report, documenting the incident with T.W., that included the same false statements and material omissions as Officer B's report. Defendant Edwards wrote and filed that report because he was reluctant to violate the orders of Officer B and because he did not want investigators to find out about their use of excessive force against T.W.

4. Defendant understands that the charge to which he will plead guilty carries a maximum term of imprisonment of 10 years, a maximum fine of $250,000, and a three-year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A. If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the

sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the information count to which he pleads guilty.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100 to the United States District Court Clerk's Office by the date of sentencing.

10. At the time of sentencing, the United States will

-recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.

-agree not to bring any additional charges against the defendant related to the conduct described in Paragraph 3.

-recommend a reduction of 2 levels, as provided by §3B1.2(b), for the defendant's minor role in the offense as compared to Officer A.

-recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

11. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A. The Applicable Offense Level should be determined as follows:

| Guideline | Description | Level |
|---|---|---|
| 2H1.1(a)(2) | Base Offense Level | 12 |
| 2H1.1(b)(1) | Offense Committed Under Color of Law | +6 |
| 3A1.3 | Adjustment for Restraint | +2 |
| 3C1.1 | Adjustment for Obstruction | +2 |
| 3B1.2(b) | Minor Participant | -2 |

5

        3E1.1(a)&(b)        Acceptance of Responsibility        -3
                                      Total Offense Level               17

        B.        The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

        C.        The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

12.        Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.

13.        Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

14. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense covered by this Agreement.

15. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

17. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

18. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the

sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

19. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

20. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been

or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By:

_____     5-16-19
Amanda E. Gregory                    Date
Assistant United States Attorney

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

By:

_____     5/16/19
Christopher J. Perras                Date
Trial Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____     5/16/19
Devan M. Edwards                     Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge, my client's decision to enter into this Agreement is an informed and voluntary one.

_____     5/16/19
Brian Butler                         Date
Counsel for Defendant

RMC:AEG